G. P. MEADE ET AL. v. THE LEON & H. BLUM LAND COMPANY.

No. 77.

1. **Conclusion of Fact, Form of, by Court of Civil Appeals.—A** finding or declaration in the opinion of the Court of Civil Appeals, that there was testimony which sustained its finding upon the controlling fact in the litigation, will be treated as a conclusion of fact made by that court, and will not be revised on error by the Supreme Court.

2. **Same.—**See extract from opinion of the Court of Civil Appeals held to be a conclusion of fact upon the matters litigated in the case in which the opinion containing the extract was delivered.

3. **Same.—**See application for writ of error held to show no other contention than as to a question of fact, and which shows no ground for the writ of error.

THIS is an application for writ of error to the Court of Civil Appeals, First District, in a case on appeal from the District Court of Galveston County.

The litigation arose from a suit by the L. & H. Blum Company on a vendor's lien note, executed by appellants, for the Carey White survey, supposed to contain 709 acres of land. The defense sought an abatement in the purchase money proportionate to an alleged conflict of the Carey White survey with an older and valid title. The contest was upon the locality of said older survey, and particularly of its northwest corner. An abatement of a few acres was allowed. The defendant appealed, and the judgment of the trial court was affirmed.

In the application for writ of error it is complained:

"Petitioners believe the said judgment of affirmance by the Court of Civil Appeals to be erroneous, and assign the following grounds therefor:

"1. To determine the amount for which petitioners were liable on the notes sued for, it was necessary to find the number of acres contained in the Carey White survey, and this could only be done by fixing the west boundary line of the Palo Pinto County school lands survey. This line depended upon the true location of the northwest corner of said survey.

"To establish the location of this corner, the court was governed alone by the distance between the northeast and the northwest corners of said survey, as called for in the patent, and rejected the higher evidence fur-

nished by the calls for bearing trees and course as they appeared in the patent.

"This was error, because the law requires that the evidence of boundary lines and corners afforded by bearing trees and course, unless the same be conjectural or mentioned by mistake, must prevail over calls for distance. In this case the calls for bearing trees and course were neither conjectural nor mentioned by mistake.

"The Carey White survey is bounded on the east by the Palo Pinto school lands survey, on the north by survey number 4, on the west by surveys made for the Houston & Texas Central Railway, and on the south by the John Slayden survey. There is no question about the correctness of the lines of any of the surveys surrounding the Carey White survey, except as to the western line of the Palo Pinto school lands survey. All of these surveys are older than the Carey White survey, and the latter was located on what was supposed to be a vacancy between said surrounding surveys. The northwest corner of the Palo Pinto school lands survey fixes the western line of said survey, and said line determines the width and number of acres of the Carey White survey. The patent to the Palo Pinto school land survey, after establishing the northeast corner, calls, thence west, crossing Bobb's creek, 6127 varas, a stake in the south bank of Big Wichita, a cottonwood 4 inches in diameter bears south 45 degrees west 207 varas, a cottonwood 12 inches in diameter bears south 45 degrees west 210 varas, a bushy-topped elm marked S bears north 89 degrees east 413 varas. The Big Wichita is a stream which, according to the testimony of all the witnesses, has so changed its course and bed that the call fixing the northwest corner of the Palo Pinto survey upon its south bank has been totally obliterated, and can not be relied upon in any manner whatever. The bushy-topped elm called for in the patent is clearly identified; the other two bearing trees are not found. Locating the northwest corner 413 varas, as called for in the patent, from said marked tree, would make the distance between the northeast corner and the northwest corner of the Palo Pinto survey 6343 varas. The patent calls it 6127 varas.

"2. The court erred in disregarding the call for course of the bushy-topped elm from the northwest corner of the Palo Pinto survey, because the patent gave the bearing of said elm tree with exactness as north 89 degrees east from the northwest corner of the survey, and thus afforded indubitable evidence of the true location of said corner.

"3. The court erred in holding that there was evidence in the record which was sufficient to sustain the finding of the District Court; because said evidence was only competent in the absence of the evidence of bearing trees and course. The evidence referred to in this connection by the court was the distance between the northeast and the northwest corners

of the Palo Pinto survey, as mentioned in the patent, and the location of surrounding surveys made later and with reference to the Palo Pinto survey.''

*Kleberg & Hume*, for the application.

STAYTON, CHIEF JUSTICE. — Applicants for writ of error were defendants in the trial court, and a judgment was rendered against them. On appeal that judgment was affirmed.

Their application is based on the claim that both courts erred in finding upon a particular fact on which depended the extent of applicant's liability.

No application seems to have been made to the Court of Civil Appeals for conclusions of fact or law, other than such as the opinion contains, and that does not contain any conclusion on the vital fact, other than that there was evidence, not stated, which sustained the finding of the District Court as to the true locality of the northwest corner of a grant of school land made to Palo Pinto County. That was the vital question in the case.

If this be treated as a finding by the Court of Civil Appeals, this court has no jurisdiction of this cause, for '' the judgments of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case,'' is declared by the statute.

The Constitution provides, '' That the decisions of said courts [Courts of Civil Appeals] shall be conclusive on all questions of fact brought before them on appeal or error.''

The effect of the decision of that court was to hold that the finding of the trial court on the contested question of fact was correct, and the opinion shows that the ruling was made on testimony, not stated, other than that on which applicants insist that the question of fact should have been differently decided.

After stating that on the evidence relied upon by applicants, nothing further appearing, the court would be inclined to concur with them in holding that the corner was not where the trial court placed it, the court said: '' But the call for the south bank of the river was originally the controlling circumstances by which the corner would be located, and there is evidence in the record from which the court was warranted in concluding that such point, when the original survey was made, was not where appellants contend, but at the place reached by appellee's surveyors, about 203 varas from the elm tree. There are many circumstances to establish this contention, and we can not say that the judgment of the court was not sustained by sufficient evidence.''

A case is not presented in which other than a question of fact arises,

and this court having no jurisdiction to revise the ruling of the Court of Civil Appeals upon that, the application must be dismissed.

It is so ordered.

*Application dismissed.*

Delivered May 25, 1893.